# UNITED STATES COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CASE NO. 1:13-CV-100-R

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY                                      Plaintiff,

v.

DANIEL BRAGG D/B/A
BRAGG SEPTIC & ELECTRIC                                        Defendant.

## MEMORANDUM OPINION

Before the Court is Plaintiff State Auto Property and Casualty Insurance Company's ("State Auto") Motion for Summary Judgment. (Docket No. 11.) There is no response to this Motion on the record. For the reasons explained below, the Court GRANTS State Auto's Motion for Summary Judgment.

## FACTUAL BACKGROUND

This declaratory judgment action arises from breach of contract claims made by Christopher Malone against Bragg Septic & Electric ("Bragg Septic"), owned by Daniel Bragg, in a lawsuit filed in the Barren County, Kentucky Circuit Court. The Barren Circuit Complaint alleges that Malone contracted with Clayton Homes for the purchase and installation of a manufactured home, but later discovered that the home was riddled with moisture problems. (Docket No. 1-1 at ¶ 8,13-17.) The Complaint alleges that Bragg Septic was retained to install the home's septic system but failed to do so in a workmanlike manner. Specifically, Malone's Complaint alleged the following:

1. That Bragg Septic's failure to perform duties specified by the contract in a workmanlike manner caused defects to the home;

2. That Bragg's Septic breached the implied warranties of habitability, workmanlike construction, and merchantability;

3. That Bragg's Septic negligently constructed and installed the home;

4. That Bragg's Septic violated the Uniform State Building Code and the Kentucky Consumer Protection Act; and

5. That Bragg's Septic is liable for punitive damages.

(Docket No. 8, Counts I-VI.)

The State Auto commercial general liability (CGL) policy provides, in relevant part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> . . .
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> c.
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory[.]"

(Docket No. 11-3 at 27.)

The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Docket No. 11-3 at 38.)

State Auto argues that the allegations made in Malone's Complaint do not constitute an "occurrence." Therefore, it reasons, it is entitled to summary judgment on its argument that

Bragg Septic is not entitled to coverage and that State Auto has no duty to defend the underlying lawsuit.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party's failure to establish an element of proof essential to his case and upon which he will bear the burden of proof at trial constitutes a failure to establish a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Furthermore, the interpretation and construction of an unambiguous insurance policy is a matter of law for the Court. *See Foster v. Ky. Hous. Corp.*, 850 F. Supp. 558, 560-61 (E.D. Ky. 1994). Where an insurance policy's terms are unambiguous, the Court applies the ordinary meaning of the words of the policy.

## DISCUSSION

The Kentucky Supreme Court addressed the definition of "occurrence" in CGL policies in *Cincinnati Ins. Co. v. Motorist Mut. Ins. Co.*, 306 S.W.3d 69 (Ky. 2010). *Cincinnati* held that claims of faulty workmanship, standing alone, are not 'occurrences' under CGL policies." *Id.* at 73.

The Court explained that the word "accident," as used in the definition of an "occurrence" in a CGL policy, incorporates the "doctrine of fortuity." *Id.* at 74-76. Only in very rare circumstances does a contractor intend to perform substandard work; therefore, defining an accident based only on intent would effectively convert an insurance policy into a performance

bond or guarantee, provided there was no proof that the contractor intentionally engaged in faulty workmanship. *Id.* at 75.

*Cincinnati* also pointed to policy rationales affirming that faulty workmanship claims are not "occurrences":

> Refusing to find that faulty workmanship, standing alone, constitutes an "occurrence under a CGL policy "ensures that ultimate liability falls to the one who performed the negligent work . . . instead of the insurance carrier. It will also encourage contractors to choose their subcontractors more carefully instead of having to seek indemnification from the subcontractors after their work fails to meet the requirements of the contract."

*Id.* at 75 (quoting *L-J, Inc. v. Bituminous Fire & Marine Ins. Co.*, 366 S.C. 177 (S.C. 2004).

*Cincinnati* controls the outcome of this case. Because faulty workmanship on its own is not an "occurrence," the State Auto policy affords no coverage to Bragg Septic for Malone's claims. Neither Bragg nor Bragg Septic is entitled to a defense provided by State Auto, as the Complaint's allegations are beyond the scope of coverage provided by the CGL policy.

Moreover, Malone's claims regarding breach of contract, breach of the implied covenant of good faith and fair dealing, breach of the implied warrant of habitability, and violations of the Kentucky Consumer Protection Act and the Kentucky Building Code are not covered by the CGL policy, as there is no way to classify them as "occurrences." As this Court has explained, "[a] person's misrepresentation of his own abilities, knowledge, skill, and training simply cannot be considered an accident or fortuitous event. Similarly, it cannot be said that a person's actions, taken intentionally or with reckless disregard that damage might result to another, are the types of accidents that constitute 'occurrences.'" *Netherlands Ins. Co. v. Jeffries Const., Inc.*, 2013 WL 1151974, at *5 (W.D. Ky. Mar. 19, 2013).

Neither do Malone's claims for negligence arise from property damage caused by an occurrence, as they result from events within Bragg's control. The Policy defines an "occurrence" as an "accident," incorporating the concept of fortuity discussed above. *Cincinnati Ins. Co.*, 306 S.W.3d at 74. A fortuitous event is one that is unintended and "beyond the power of any human being to bring to pass." *Id.* at 76 (internal quotation marks omitted). Because Bragg's alleged negligent installation of the home was within his own control, it does not constitute an "occurrence" within the meaning of the policy. This conclusion "ensures that ultimate liability falls to the one who performed the negligent work . . . instead of the insurance carrier." *McBride v. Acuity*, 2011 WL 6130922, at *5 (W.D. Ky. Dec. 8, 2011) (quoting *Cincinnati Ins. Co.*, 306 S.W. at 75).

## CONCLUSION

For the foregoing reasons, State Auto's Motion for Summary Judgment (Docket No. 11) will be GRANTED. A separate Order will follow.

Copies to:      Counsel of record
                 Daniel Bragg, pro se